418

ERNESTO FERNANDO SCHLÜTER, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 758. Submitted March 20, 1929.—Decided April 10, 1929.

*E. Campos del Toro* for the appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On presentation for record in the Registry of Property of Guayama of a deed executed by the district marshal conveying to E. F. Schlüter four properties bought by Schlüter at a public auction sale for $190, the registrar demanded that Schlüter should deposit $16 in internal-revenue stamps instead of the $3.75 which he had deposited because, in his opinion, for the purpose of calculating the recording fees the auction price should not be taken as the true value of the properties, but another value stated in the deed. Schlüter objected and took the present administrative appeal under section 24 of the Act assigning salaries to the registrars, etc., of 1904, as amended by Act No. 39 of 1928, p. 232, which reads as follows:

"Section 24.—The amount of the fees which the schedule of fees prescribes for the different services shall be paid in internal-revenue stamps, as herein prescribed, on the presentation of any document to be recorded or entered in the registry, or when any certificate is solicited, and the registrar shall fix and cancel all stamps paid for services rendered, and he shall return, uncancelled, to the interested party any stamps which it may not be necessary to use. If, at the

time of effecting the operation in the registry, the registrar should need more stamps than those deposited by the interested party, the registrar shall require such party to deposit the difference, and if the latter should not make the deposit within the time that the entry of presentation is in force, the registrar shall suspend the record or entry by means of a note on the margin of the entry of presentation, in which he shall state his reasons. This note shall be in effect for one hundred and twenty days and from it an appeal may be taken to the Supreme Court following the procedure established in the Act to provide for appeals against the decisions of registrars of property, approved March 1, 1902. If the note is reversed, the registrar shall proceed to record or enter the document, and in case it is affirmed, the interested party, in order to obtain the record or entry, shall have to deposit in stamps the difference required by the registrar."

In support of his contention the appellant cites subdivision 7 of section 22 of the said Act of 1904, as amended by Act No. 32 of 1917, Vol. II, p. 314, as follows:

"For the purpose of grading the fees the value of property encumbered with mortgages shall be deemed to be the amount for which it may be conveyed, plus the value of the mortgages when they remain in force."

The registrar answers by referring to all of the numbers of the section and pointing out the fact that everywhere the Act speaks of the value of the property and not of the conveyance price.

And that is true. Commenting on similar provisions, on pages 324 and 325 of Vol. 5 of his work on Mortgage Legislation Morell says:

"As expressed in section 343 of the Law, the registrar should collect his fees according to the value of the properties or rights conveyed or referred to in the entries or records to be made. For that purpose and in accordance with general rule 7th of the Schedule, the registrar should be guided first by the result of the respective deed, having the right, however, to verify whether the value appearing in the deed is the true value.

"Now, the registrar has no obligation to accept the values fixed in the documents by the interested parties and can verify those values even in contracts of purchase and sale, except contracts made by ju-

dicial auction in which the basis should be the amount of the bid, as was held in the Decision of March 29, 1889.''

The decision of the General Directorate of Registries cited reads in part as follows:

''. . . . second, that all contracts of purchase and sale are subject to verification, except those made by judicial auction in which the registrar should fix his fees on the value which served as a basis for the public sale; . . .''

What results in the present case from the deed? It appears that the marshal sold the four properties in question for $190, but it also appears from the report of the sale transcribed therein that three of the properties sold were valued at $600, $1,400 and $4,500. Taking these valuations as a basis, the registrar made his provisional calculation.

In this connection it seems well to transcribe the following from the brief of the registrar:

''. . . . the registrar has no knowledge of the existence of the incumbrances recorded on the properties referred to by the appellant. He has not yet examined the register. He has taken into consideration only the document. However, if on inspecting the registry the respondent should find that the existing incumbrances exceed the declared value of the properties by such amount as to require an alteration of the fees now calculated, the respondent understands that it will be his duty to change the computation made and exact the difference before recording the deed.''

The appellant contends in his brief that the property acquired by him was subject to incumbrances ''which exceed the present value of the said properties.''

That statement is too general. It will be very easy to fix with accuracy the incumbrances appearing from the registry and to make then the final calculation by taking them into account because if an incumbered property is acquired the value of that property to the purchaser is only what remains after deducting the incumbrances, in accordance with the doctrine of this court in *Vilella* v. *Registrar*, 38 P.R.R. 887. Meanwhile, the registrar has adopted the prudent attitude.

By virtue of the foregoing it is concluded that the registrar is not obliged to accept the auction price as the only basis for calculating the fees, as a much higher price is given in the deed, and in making the final collection the registrar should deduct from the price fixed by him the incumbrances that may exist in the registry.

The decision appealed from is affirmed.

ON RECONSIDERATION

Mr. Chief Justice Del Toro delivered the opinion of the court June 26, 1929.

In this administrative appeal the decision appealed from was affirmed, but it was said in concluding the opinion that the registrar should deduct the value of the incumbrances on the property for the purpose of finally fixing the recording fees. *Vilella* v. *Registrar*, 38 P.R.R. 887, was cited.

As soon as the decision of this court was communicated to the registrar he moved that that final statement be reconsidered because it is contrary to the provisions of subdivision 7 of section 22 of the Act assigning salaries to the registrars, as amended by Act No. 32 of 1917 and by Act No. 87 of 1925, as follows:

"Number 7.—For the purpose of grading the fees the value of property encumbered with mortgages shall be deemed to be the amount for which it may be conveyed, plus the value of the mortgages when they remain in force; *Provided*, That when a property encumbered by subsisting mortgages is divided into several properties, the value of such divided properties shall be understood to be the price for which they are conveyed plus the price represented by the amount of said mortgages as distributed among them."

The registrar is right.

The cited case of *Vilella* v. *Registrar, supra*, has just been construed and applied by this court in *Somohano* v. *Registrar, post*, as follows:

"In *Vilella Vélez* v. *Registrar of Mayagüez*, 38 P.R.R. 887, we held that the intention of the law was that the purchaser should pay on

the basis of the price actually transmitted, as well for the value of the existing mortgages, but we were not agreed that the purchase price should be held to include the supposed market value of the land and then to add the value of the mortgages, as such a proceeding would be equivalent to requiring the purchaser to pay fees twice on the value of the mortgages.

"Here the purchaser has to pay on the basis of the price transmitted and the value of the mortgages, the equivalent of the supposed market value of the land."

By virtue of the foregoing the two final paragraphs of the opinion delivered on the 10th of April should be reconsidered and substituted by the legal precept transcribed, the others of the schedule of fees that may be applicable and the jurisprudence laid down in the *Vilella* and *Somohano Cases, supra.*